**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CARL MONROE WORTMANN | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:22-cv-00150-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Carl Monroe Wortmann, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because he could perform other jobs that exist in significant numbers in the national economy despite his impairments.  (Tr. 10-22.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty years old at the time of the administrative hearing.  (Tr. 36.)  He testified he earned an associate degree, (Tr. 38), and has past relevant work as an electrician.  (Tr. 20.)

The ALJ[1] found Mr. Wortmann had not engaged in substantial gainful activity since October 1, 2019, the alleged onset date.  (Tr. 12.)  He has "severe" impairments in the form of "lumbar and cervical degenerative disc disease, left upper extremity carpal tunnel syndrome, obesity, anxiety, depression, attention deficit hyperactivity disorder (ADHD), borderline

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

personality disorder and posttraumatic stress disorder (PTSD)."  (*Id.*)  The ALJ further found Mr. Wortmann did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 13-16.)

The ALJ determined Mr. Wortmann had the residual functional capacity (RFC) to perform a reduced range of sedentary work given his physical and mental impairments.  (Tr. 16.)  Given his RFC finding, the ALJ concluded that Mr. Wortmann could no longer perform any of his past relevant work.  (Tr. 20.)  The ALJ utilized the services of a vocational expert to determine what jobs, if any, Plaintiff could perform given his RFC.  (Tr. 60-64.)  Based in part on the testimony of the vocational expert, the ALJ determined he could perform the jobs of lamp shade assembler and nut sorter.  (Tr. 21.)  Accordingly, the ALJ determined Mr. Wortmann was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of his Complaint, Mr. Wortmann argues that the ALJ failed to properly consider his mental and physical impairments.  (Doc. No. 10 at 10-19.)  Mr. Wortmann clearly suffers from some degree of pain and limitation - largely from his back disorder.  But given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I have carefully reviewed Mr. Wortmann's treatment records.  While this evidence – including diagnostic testing -  surely shows Plaintiff suffers from some level of pain and limitation, it fails to support an allegation of complete disability.  "Disability" is the "inability to engage in

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  I find no reversible error here.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of sedentary work.  In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals.  In the opinion, the ALJ recognized the evidence that supported Plaintiff's allegations as well as the evidence that supported his conclusion that Plaintiff was not disabled.  (Tr. 16-20.)  The ALJ also fairly set out the rationale for his conclusions.  (*Id.*)

The ALJ considered the opinions from Plaintiff's treating doctor, Bonnie D. Lucks, Ph.D. (Tr. 20, 1025-1043, 1641-1659.)  With regard to Dr. Lucks' opinions, the ALJ stated:

> The undersigned notes a history from Dr. Lucks including the statement that claimant is "now disabled due to chronic pain and back injuries." (Ex. 12F/12). In context, this appears to be a history related by claimant. However, to the extent that it can be construed as an opinion, it is not persuasive as being poorly supported and inconsistent with the treating examinations and the claimant's activity level discussed earlier. Similarly, Dr. Lucks signed a note including a rationale that claimant subjectively reported anxiety interfering with the "optimal level of functioning at work," and affecting "quality of work performance" and relationship with peers/supervisors. (Ex. 8F/25). To the extent this can be construed as a disabling opinion from Dr. Lucks, it is not persuasive because it is based on claimant's subjective report and is inconsistent with the mental status examinations in the treating record and claimant's activity level[.]

(Tr. 20.)

After careful review of Dr. Lucks' treatment notes, I find no error in the ALJ's assessment here.  Dr. Lucks' notes reveal that Plaintiff indeed suffers from some mental limitations.  However,

4

the ALJ has fairly addressed these limitations in his RFC assessment.

With respect to Plaintiff's physical limitations, I also find no error in the ALJ's determination that Plaintiff is capable of performing a limited range of sedentary work. The medical evidence shows Plaintiff's most substantial issue is his back impairment. But Plaintiff's most recent imaging revealed nothing disabling. (Tr. 1991.) I do recognize "moderate degenerative disc disease at L4-L5" is problematic for Mr. Wortmann. However, I find the ALJ fairly addressed Plaintiff's back limitations with his conclusion that Plaintiff was limited to sedentary work activities.

I have also fully considered Plaintiff's argument regarding Listings 12.04, 12.06, 12.08 and 12.15. (Doc. No. 10 at 10.) I find this argument to be without merit. A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

The ALJ focused on the "B" and "C" criteria of the listings. (Tr. 15-16.) In considering his abilities, the ALJ concluded Plaintiff had only mild or moderate limitations. (*Id.*) The ALJ found that the "B" criteria was not satisfied because "the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation." (Tr. 15.) The ALJ also found that the "C" criteria were not satisfied. (Tr. 15-16.)

Plaintiff had the burden of showing his mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of

concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior).  By only showing moderate limitations Plaintiff has not met either the "B" or "C" criteria in Listing 12.04 or 12.06, 12.08 and 12.15.  Therefore, Plaintiff has failed to show he meets the requirements of any listing.

Although Plaintiff undoubtedly suffers from some mental limitations, substantial evidence supports the ALJ's determination that he was still capable of performing work-related activities. The ALJ properly focused on Plaintiff's ability to function despite his impairment, rather than focusing on his diagnosis.  A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).  Proof of a disabling impairment must be supported by at least some objective medical evidence.  *Marolf  v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).  Plaintiff's mental status exams fail to show the necessary limitation to satisfy the Listings.

I agree with the ALJ on his assessment of the both the Paragraph B and C criteria as stated in his opinion.  The medical evidence fully supports his conclusions in this regard.  I also find the Commissioner's brief in response to this argument to be highly persuasive.  (Doc. No. 11 at 5-9.)

Plaintiff had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments which I find are without merit.  There is ample evidence to support the Commissioner's decision.  I recognize there is also evidence to support Mr. Wortmann's claims, including diagnostic tests that reveal some abnormality with his back.  Yet the overall evidence supports the ALJ's conclusion that he was capable of performing a reduced range of sedentary work.

Mr. Wortmann's counsel has done an admirable job advocating for him.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of October 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE