# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CARL MONROE WORTMANN**                                            **PLAINTIFF**

V.                         No. 4:22-CV-00150-LPR-JJV

**KILOLO KIJAKAZI, Acting**
**Commissioner, Social Security**
**Administration**                                                  **DEFENDANT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition (PFRD) submitted by United States Magistrate Judge Joe J. Volpe and the filed Objections.[1] After carefully considering the Objections and performing a *de novo* review of the PFRD and the record, the Court concludes that the PFRD should be, and hereby is, approved and adopted in its entirety as this Court's findings, to the extent they are consistent with the brief additional analysis that follows.

Mr. Wortmann alleges that the ALJ erred in failing to discuss his hip pain and knee pain in the written decision denying benefits, resulting in an RFC that exceeded his abilities. He directs the Court to medical records that show he was diagnosed with bursitis in his hip "for which he received an injection," and to MRI results of his knees evidencing cartilage loss.[2] But the mere presence of these conditions isn't enough to move the needle. Mr. Wortmann has not alleged that these impairments correspond to any specific functional limitations beyond those the ALJ already assessed, at length, in his decision.

To the extent the diagnoses could lend evidentiary support to Mr. Wortmann's subjective complaints of leg pain, the Court remains unmoved. The ALJ considered all of the relevant

---

[1] Docs. 12 and 13.

[2] Pl.'s Br. (Doc. 10) at 18-19.

1

evidence, including some medical evidence that showed decreased range of motion and strength in Mr. Wortmann's lower extremities, leg cramping and spasms that limited activities, and a slow and limping gait that required the use of a cane at times.  Nevertheless, the ALJ discounted the credibility of Mr. Wortmann's complaints based on generally normal examination findings and Mr. Wortmann's own reports of significant symptom improvement following a regimen of weekly yoga, daily walking and stretching, exercising at the gym, and biking.[3]  The ALJ additionally noted Mr. Wortmann was capable of woodworking and building furniture in his spare time, and that he drove, took his children to school, and did some shopping.[4]  This evidence substantially detracts from his allegations of totally disabling pain, even when factoring in the specific hip and knee evidence.[5]

Mr. Wortmann has failed to provide any indication that reference to the additional diagnoses, without more, would have changed the outcome of the ALJ's disability decision.[6]  The Court finds no reversible error occurred in this regard.  Mr. Wortmann's remaining objections are amply addressed in the PFRD findings the Court has adopted.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner in this case.[7]

---

[3] Admin. Tr. (Doc. 4) at 17-18, 1598, 1690, 1704.

[4] *Id*. at 18, 1689.

[5] *See Schwandt v. Berryhill*, 926 F.3d 1004, 1011-12 (8th Cir. 2019).

[6] *See Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) ("An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'") (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)).

[7] Although the Court fully adopts the substantive merits of the PFRD, the Court has a technical alteration to the PFRD's suggested resolution of this case.  The Court finds that the proper disposition in this case is to affirm the Commissioner's decision and accordingly enter judgment on the merits in the Commissioner's favor.

DATED this 2nd day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE